IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: John Thomas Lacik<br>SSN: xxx-xx-9376 | )<br>)<br>) | Case No.: 17-81630-CRJ-11 |
| Lisa Elaine Lacik<br>SSN: xxx-xx-1278 | )<br>)<br>) | |
| Debtors. | ) | CHAPTER 11 |

**DEBTORS' MOTION FOR ENTRY OF A**
**FINAL DECREE CLOSING CHAPTER 11 CASE**

COME NOW John Thomas Lacik and wife, Lisa Elaine Lacik, as Chapter 11 Debtors-in-Possession (the "Debtors"), and file this Debtors' Motion for Entry of a Final Decree Closing Chapter 11 Case (the "Motion"). **NOTICE IS HEREBY GIVEN THAT ANY OBJECTION TO THE ENTRY OF A FINAL DECREE CLOSING CHAPTER 11 CASE MUST BE FILED WITH THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE OF THIS MOTION. IF NO OBJECTIONS ARE FILED BEFORE SAID DEADLINE, A FINAL DECREE WILL BE ENTERED CLOSING DEBTORS' CHAPTER 11 CASE WITHOUT FURTHER NOTICE OR HEARING OF THE BANKRUPTCY COURT.** In support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Sections 105(a), 350 and 554 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**NOTICE**

3.  Pursuant to Bankruptcy Rule 2002, the Debtors propose to serve a copy of this Motion upon all creditors and parties as listed on the Clerk's Certified Matrix; and Richard M. Blythe, Esq., Office of the Bankruptcy Administrator. The Debtors submit that such notice is good, sufficient and appropriate under the particular circumstances and that no other or further notice of the Motion is or shall be required.

**BACKGROUND**

4.  On May 31, 2017, the Debtors filed a petition for relief (Doc. ???) in the United States Bankruptcy Court for the Northern District of Alabama (the "Court") under Chapter 11 of the Code.

5.  On May 1, 2018, this Court entered its Order Confirming Chapter 11 Plan of Reorganization (Doc. 148).

6.  The Debtors' confirmed Plan has become final and effective (the "Effective Date").[1]

7.  The Debtors are awaiting a new calculated payment amount from Class 1 secured creditor Regions Mortgage and have been assured by the creditor's lawyer that such information will be available soon. In the meantime, the Debtors are making timely payments to Class 2 secured creditor Regions Bank. Thus, the confirmed Plan has been substantially consummated in accordance with 11 U.S.C. § 1101(2) and the Estate will be fully administered, except for the completion of all Plan payments.

8.  The docket maintained in this Chapter 11 case reflects the absence of any pending and/or open adversary proceeding or contested matters. Undersigned counsel states that to the best of counsel's knowledge, there are no outstanding issues that would preclude the closure of this case.

---

[1] "Effective Date" was defined in the Debtors' Plan as "the twentieth (20th) business day after an Order confirming this Plan becomes final and no longer open for appeal, stay or reconsideration in accordance with the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Appellate Procedure or the first business day of the next calendar month, whichever is later."

9. As of the filing of this Motion, the Debtors have submitted all quarterly post-confirmation reports to the Office of the Bankruptcy Administrator, and paid all required fees pursuant to 28 U.S.C. §1930(a)(6). Prior to the hearing on this Motion, the Debtors will file any further reports coming due and pay any fees incurred between the filing of this Motion and seven (7) days before the hearing date.

### DISCUSSION [2]

10. Section 350(a) of the Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Furthermore, Rule 3022 of the Bankruptcy Rules provides that "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

11. Courts determine on a case-by-case basis by analyzing relevant factors to determine if a case is fully administered and can be closed allowing courts flexibility in determining whether an estate is fully administered. *See In re Union Home and Industrial, Inc.* 375 B.R. 912, 917 (10th Cir. 2007) (citing, *In re Federated Dept' Stores, Inc*. 43 Fed. Appx. 820, 822 (6th Cir. 2002)).

12. The Court in *In re SL Management, LLC,* 2010 WL 1379749 (Bankr. N.D. Tex) concluded that "'fully administered' … does not require that all claims be paid as a condition to closing the case." Id. at *4. The Court recognized that a Final Decree can be entered even when all the payments required by a plan are not completed. Id. (citations omitted).

13. The District Court in *In re JMP-Newcor International, Inc.,* 225 B.R 462 (N.D. Ill. 1998) upheld the Bankruptcy Court's determination to close a pending Chapter 11 even though an adversary case remained open. *Id*. at 465. The District Court determined that making remaining disbursements and the adversary proceeding did not warrant keeping the case open. Id.

---

[2] Much of the legal discussion herein is taken from Motion for Entry of a Final Decree Closing These Chapter 11 Cases in In re: The Consolidated FGH Liquidating Trust f/k/a Friede Goldman Halter, Inc*., et al*., Case No. 01-52-173.

## RELIEF REQUESTED

14. Pursuant to Section 350(a) of the Code and Bankruptcy Rule 3022, the Debtors hereby seek the entry of a Final Decree of the Court closing this Chapter 11 case. The entry of a Final Decree is appropriate because the Plan has been substantially consummated. The Confirmation Order is final, and the Debtors have made several distributions pursuant to the terms of the Plan and completed the claim objection process. The entry of a Final Decree and closing the case will stop the Debtors from incurring quarterly fees under Section 1930 and incurring expenses by maintaining the open Chapter 11 case.

WHEREFORE, the Debtors respectfully request the Court to enter a Final Decree and Order as follows:

1. Closing this Chapter 11 case;
2. Granting such further relief to the Debtors as this Court deems just.

Respectfully submitted, this 5th day of November, 2018.

                                          /s/ Tazewell T. Shepard
                                          Tazewell T. Shepard
                                          Kevin M. Morris
                                          Tazewell T. Shepard IV
                                          *Attorneys for Debtors-in-Possession*
                                          **SPARKMAN, SHEPARD & MORRIS, P.C.**
                                          P. O. Box 19045
                                          Huntsville, AL  35804
                                          Tel: 256/512-9924
                                          Fax: 256/512-9837

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of this pleading upon all creditors and parties as listed on the Clerk's Certified Matrix; and Richard M. Blythe, Esq., Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by depositing the same in the United States mail, postage prepaid, this 5th day of November, 2018.

                                           /s/ Tazewell T. Shepard
                                          Tazewell T. Shepard